IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>[1] JAIRO HUERTAS-MERCADO<br>[2] JOSHUA LUYANDO-GONZALEZ<br>Defendants | CRIMINAL NO. 18-451 (FAB) |

**EMERGENCY MOTION REQUESTING FRYE HEARING**

The United States of America, through its undersigned counsel, respectfully requests that the Court order Defendants [1] Jairo Huertas-Mercado and [2] Joshua Luyando-Gonzalez to appear for a *Frye* hearing before your Honor as soon as practicable to determine whether they will be proceeding to trial in this case on November 12, 2019, or whether they will be accepting the United States final plea offer.

As the Court is aware, in *Missouri v. Frye*, 566 U.S. 134 (2012), the Supreme Court held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 145. Recognizing that this holding would create an opportunity for defendants to manipulate the process by making "late, frivolous, or fabricated claims . . . after a trial leading to a conviction with resulting harsh consequences," *id.* at 146, the Supreme Court went on to suggest that trial courts consider adopting procedures to deter such mischief. Among these procedures, the Supreme Court suggested that "formal offers can be made part of the record at any subsequent plea proceeding or ***before a trial on the merits***, all to ensure that a defendant has been fully advised before those further proceedings commence." *Frye*, 566 U.S. at 146 (emphasis added).

In this case, both defendants have expressed their interest in a Plea Agreement and offers

have been extended. However, as of today, the undersigned was informed that both defendants were rejecting the United States' final plea offers and would be proceeding to trial (although they each claimed they wanted a better deal). To be clear, the United States has no reason to doubt that both defense counsels have complied with their ethical obligation of communicating the United States' plea offers to their clients, and have proceeded under the assumption that the plea offers were properly communicated and rejected. Nevertheless, for the sake of avoiding any frivolous collateral attack on a conviction should the jury ultimately convict defendants, and to ensure that defendants actually want to proceed to trial, the United States respectfully requests that the Court grant it an opportunity to state the terms of the plea offers on the record and in each defendant's presence. The United States would also request that the Court confirm with each defendant that the United States' offers were communicated to them, and that it is each defendant's desire to proceed to trial rather than accept the United States' final plea offer.

The United States further requests the Court advise defendants of the mandatory minimum sentences they face if convicted.

The United States respectfully submits that its proposed procedure would effectively ferret out and ameliorate any potential *Frye* issues without compromising or intruding upon the attorney-client relationship. The United States respectfully requests the Court hold the Frye hearing as soon as possible (Wednesday, October 30th if possible) for trial efficiency purposes.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 29th day of October, 2019

**W. STEPHEN MULDROW**
**UNITED STATES ATTORNEY**

*/s/ David T. Henek*
David T. Henek, USDC-PR G02607
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel.

*/s/ David T. Henek*
David T. Henek
Assistant United States Attorney