IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **CRIMINAL NO.** 18-451 (FAB) |
| **[1] JAIRO HUERTAS-MERCADO**<br>Defendant | |

### NOTICE OF INTENT TO UTILIZE FEDERAL RULE OF EVIDENCE 902(11) FOR THE AUTHENTICATION OF DOMESTIC RECORDS OF REGULARLY CONDUCTED ACTIVITY

The United States of America, by and through its undersigned counsel, provides notice of its intent to utilize Federal Rule of Evidence 902(11) to authenticate records otherwise admissible pursuant to Federal Rule of Evidence 803(6). During trial, the United States intends to offer the following records into evidence, all of which have been produced and/or made available to the defense:

1. Puerto Rico Department of Transportation and Public Works (D.T.O.P) records reflecting that the four (4) vehicles in this case did not originate in Puerto Rico.

2. A copy of the declaration of authenticity, dated September 30, 2019, and the records for the BMW, Nissan Altima, and Kia Sportage, is attached hereto as Exhibit 1.

3. A copy of the declaration of authenticity, dated October 29, 2019, and the records for the Toyota Camry, is attached hereto as Exhibit 2.

4. The United States is not aware of any basis that would constitute a legitimate challenge to the admissibility of any of the above records under Federal Rules of Evidence 902(11) and 803(6). Furthermore, calling such witnesses at trial would needlessly delay the proceedings.

1

5. Federal Rule of Evidence 902(11) permits authentication of such records by a written declaration of its custodian or other qualified person. Thus:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> (11) Certified Domestic Records of Regularly Conducted Activity.-- The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any . . . rule prescribed by the Supreme Court pursuant to statutory authority. . .

The Advisory Committee Notes addressing the 2000 Amendments to the Federal Rules of Evidence make clear that "[a] declaration that satisfies 28 U.S.C. §1746 would satisfy the declaration requirement of Rule 902(11), as would any comparable certification under oath."

6. A written declaration attesting to the authenticity of a business record is not testimonial in nature. The Supreme Court specifically observed that business records "by their nature are not testimonial." Crawford v. Washington, 584 U.S. 36, 56 (2004). In United States v. Ellis, 460 F.3d 920, 927 (7th Cir. 2006), the court concluded that business records could be properly introduced pursuant to Federal Rules of Evidence 803(6) and 902(11). See also United States v. Hagege, 437 F.3d 943, 957-958 (9th Cir. 2006) (holding that "foreign business records admitted under § 3505 are not subject to the Crawford requirement of confrontation"); United States v. Jamieson, 427 F.3d 394, 411-412 (6th Cir. 2005) (holding that business records admitted under Rule 807 did not resemble the "formal statement" or "solemn declaration" identified by the Supreme Court in Crawford); United States v. Lopez-Moreno, 420 F.3d 420, 436-437 (5th Cir. 2005) (holding that public records are not testimonial and recognizing that, under Crawford, business records, which are analogous to public records, are not testimonial and are not subject to the requirements of the Confrontation Clause). The Court of Appeals for the District of Columbia

followed <u>Ellis</u>' reasoning in <u>United States v. Adefehinti</u>, 510 F.3d 319, 325-328 (D.C. Cir. 2008) (reversing conviction on other grounds).  Moreover, the court there held that it is not necessary for the certifying records custodian to have personal knowledge of the creation of the records maintained by the business.  <u>Id</u>. at 325.

      7.    To avoid trial delays and needless taxpayer expense of witness travel, the United States provides notice of its intent to authenticate the above-described business records by declarations complying with Federal Rule of Evidence 902(11) and 28 U.S.C. § 1746. Copies of the records and declarations have been made available to defense and/or are attached to this motion.

**RESPECTFULLY SUBMITTED**,

In San Juan, Puerto Rico, on Tuesday, November 05, 2019.

**W. STEPHEN MULDROW**
United States Attorney

*/S/ David T. Henek*
David T. Henek
USDC # G02607
Assistant United States Attorney
United States Attorney's Office
Chardón Tower, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Tel. (787) 766-5656
Email: david.t.henek@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*s/ David T. Henek*
**David T. Henek**
Assistant United States Attorney
USDC No. G02607